**SAMUEL R. WATKINS (SBN 272162)**
swatkins@thompsoncoburn.com
**THOMPSON COBURN LLP**
**2029 Century Park East, 19th Floor**
**Los Angeles, California 90067**
**Tel: 310.282.2500 / Fax: 310.282.2501**

Attorneys for Plaintiffs
COACH, INC. and COACH SERVICES,
INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland corporation; and COACH SERVICES, INC., a Maryland corporation, | Case No. 2:16-cv-05462 |
| | **COMPLAINT FOR:** |
| Plaintiffs, | 1) **LANHAM ACT – § 32 (15 U.S.C. § 1114);** |
| vs. | 2) **LANHAM ACT – § 43(a) (15 U.S.C. § 1125(a));** |
| JUN ZHAN, an individual; and SOUTH PACIFIC & CHINA SUPPLY, INC., a California corporation, | 3) **LANHAM ACT – § 42 (15 U.S.C. § 1124);** |
| | 4) **TARIFF ACT – § 526 (19 U.S.C. § 1526(A));** |
| Defendants. | 5) **STATUTORY UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200 *et seq.*); and** |
| | 6) **COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiffs COACH, INC. and COACH SERVICES, INC. (collectively, "Coach" or "Plaintiffs"), for their Complaint herein against JUN ZHAN and SOUTH PACIFIC & CHINA SUPPLY, INC., (collectively "Defendants") allege as follows:

6387660

## **NATURE OF THE ACTION**

1.     This is an action for:  (i) infringement of a registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unlawful importation of goods bearing an infringing trademark in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124; (iv) unlawful importation of goods bearing a registered United States trademark in violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a); (v) statutory unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*; and (vi) unfair competition in violation of the common law of the State of California.

2.     As set forth more fully below, Defendants have imported, distributed, offered for sale, and/or sold commercial quantities of counterfeit Coach® brand handbags that infringe at least one of Plaintiffs' U.S.-registered trademarks. Plaintiffs expect that discovery in this case will reveal additional trademarks owned by Plaintiffs that have been counterfeited by Defendants.   These acts of infringement have given rise to significant legal claims by Plaintiffs against Defendants.

3.     Coach was founded seventy-five (75) years ago as a family-run workshop in Manhattan.  Since then, Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products, including, but not limited to, handbags, wallets, accessories, eyewear, footwear, clothing, outerwear, jewelry and watches (collectively, the "Coach Products").   Coach sells its goods throughout the United States, including in California, through its own specialty retail stores and outlet stores, through various department stores, and via the Internet websites located at www.coach.com and www.coachoutlet.com.

4.     Coach Products have become enormously popular and even iconic, driven by Coach's arduous quality standards and innovative designs.  Among the purchasing public, genuine Coach Products are instantly recognizable as such.

5.     Both in the United States and internationally, the Coach brand has come to symbolize high quality, and Coach Products are among the most recognizable handbags and accessories in the world.  Whether made entirely of leather or in combination with printed or other components, genuine Coach Products are greatly coveted as premier fashion accessories of the highest quality.

6.     The unique mix of function, workmanship, fashion and style that goes into each and every genuine Coach Product, as well as the brand's exclusive cache, results in Coach Products commanding a relatively high price at retail.  Coach's loyal customer base willingly pays more for genuine Coach Products than they would pay for lesser products both because Coach Products are of higher quality and durability than competitors' products and because of the prestige associated with genuine Coach Products.  Coach is the exclusive distributor of Coach Products.

7.     In an attempt to profit from Plaintiffs' substantial investment in their trademarks, Defendants have imported, distributed, sold, and/or offered for sale commercial quantities of handbags that bear spurious marks that are either identical to or substantially indistinguishable from Plaintiffs' trademarks.  Coach has confirmed that the handbags at issue were not manufactured, licensed or sponsored by, or affiliated with Coach, and are counterfeit.  Consumers are therefore likely to be confused and/or disappointed by obtaining counterfeit handbags when they intended to purchase genuine handbags manufactured and sold by Coach.

8.     As a result of Defendants' actions, Plaintiffs are suffering a loss of the enormous goodwill and value they have created in their trademarks, and are losing sales of genuine products.  This action seeks permanent injunctive relief and monetary damages for the infringement of Plaintiffs' valuable intellectual property rights.

**JURISDICTION AND VENUE**

9.     This Court has jurisdiction over this action pursuant to:  (i) 28 U.S.C. §§ 1331, 1338(a) and (b), 15 U.S.C. § 1121, as an action for violation of the Lanham Act, 19 U.S.C. § 1526(a), as an action for violation of Section 526(a) of the Tariff Act; and (ii) 28 U.S.C. § 1367(a), pursuant to the principles of supplemental jurisdiction.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district and Defendants reside within this judicial district.

**THE PARTIES**

11.     Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

12.     Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in Jacksonville, Florida.

13.     Defendant Jun Zhan ("Zhan") is an individual residing at 20155 Corrinne Lane, Rowland Heights, California 91748.  Zhan owns, operates, and/or controls defendant South Pacific & China Supply, Inc.

14.     Defendant South Pacific & China Supply, Inc. ("South Pacific") is a corporation organized and existing under the laws of the State of California, with its principal place of business at Zhan's residence, 20155 Corrinne Lane, Rowland Heights, California 91748.

**FACTS GIVING RISE TO THIS ACTION**

***The Coach Trademarks***

15.     Coach has sold leather goods under the COACH mark since 1941.  The types of goods sold under the COACH mark have expanded extensively since then to include all of the Coach Products, and the Coach Products have long been among

4

COMPLAINT

the most popular luxury lifestyle items.   The COACH mark itself is iconic, symbolizing a unique blend of fashion, craftsmanship, style, and function, whether associated with handbags or other Coach Products.

16.     Coach owns the trademark and trade name "COACH" for the Coach Products, as well as numerous other highly distinctive marks.

17.     Coach incorporates a variety of distinctive marks in the design of its various handbags, purses and other Coach Products.   Coach Products typically include at least one of Coach's federally registered trademarks.   Often several of Coach's trademarks appear on a single Coach Product.   Coach also uses these trademarks in connection with the marketing of its Coach Products.   Coach and its predecessors have achieved annual sales volume of more than four billion dollars ($4,000,000,000) on products bearing Coach's trademarks.   As such, Coach's trademarks, and the goodwill associated therewith, are among Coach's most valuable assets.

18.     Coach has registered many of its trademarks with the United States Patent and Trademark Office, including, *inter alia*, the following marks, which are collectively referred to as the "Coach Trademarks":

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, cellular phone cases satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | August 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 751,493 | COACH | 14 for Leather Goods, namely, Utility Kits, Portfolios, Key Cases, Pass Cases, Billfolds, Wallets, Pocket Secretaries. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for eyeglasses. | May 15, 2001 | COACH |
| 4,105,689 | COACH | 9 for sunglasses. | February 25, 2012 | COACH |
| 1,846,801 | COACH | 25 for men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for umbrellas. | June 3, 2008 | COACH |
| 2,231,001 | COACH | 25 for clothing for men, women, namely, coats, jackets, overcoats, raincoats, shirts, vests, scarves, shoes and belts. | March 9, 1999 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,291,341 | COACH | 14 for watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 4,168,626 | COACH NEW YORK | 18, 25 for *inter alia* briefcases, satchels, tote bags, duffle bags, key cases, coin cases, wallets, hats, caps, gloves, coats, jackets, overcoats, raincoats, scarves, shoes and belts. | July 3, 2012 | COACH NEW YORK |

6387660

6

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 4,296,584 | COACH NEW YORK | 9, 16 for cases for eyeglasses and sunglasses, sunglasses and spectacles, calendars and diaries. | February 26, 2013 | COACH NEW YORK |
| 3,413,536 | COACH EST. 1941 Stylized | 14 for *inter alia* jewelry | April 15, 2008 | *Coach* est.1941 |
| 2,534,429 | COACH & Lozenge Design | 9 for eyeglasses, eyeglass frames, and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & Lozenge Design | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & Lozenge Design | 35 for retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & Lozenge Design | 14 for *inter alia* watches. | November 9, 1999 | COACH |
| 2,169,808 | COACH & Lozenge Design | 25 for *inter alia* clothing for men and women, namely, coats, jackets, scarves, shoes, and belts. | June 30, 1998 | COACH |
| 2,045,676 | COACH & Lozenge Design | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, computer cases, briefcases, satchels, duffel bags, hats, caps and gloves. | March 18, 1997 | COACH |
| 1,070,999 | COACH & Lozenge Design | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |
| 1,309,779 | COACH & Lozenge Design | 9, 16, 18 for *inter alia* eyeglass cases and leather goods, namely, wallets, purses and shoulder bags. | December 19, 1984 | COACH |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 2,035,056 | COACH & Lozenge Design | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 |  |
| 2,626,565 | CC & Design (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 |  |
| 2,822,318 | CC & Design (Signature C) | 24 for fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 |  |
| 2,832,589 | CC & Design (Signature C) | 6, 9, 14, 18, for *inter alia* sunglasses and eyeglass cases,  metal key fobs, leather key fobs, jewelry, watches, umbrellas. | April 13, 2004 |  |
| 2,592,963 | CC & Design (Signature C) | 25 for *inter alia* clothing namely, scarves, belts, gloves, hats, shoes, coats, jackets. | July 9, 2002 |  |
| 2,822,629 | CC & Design (Signature C) | 35 for retail services. | March 16, 2004 |  |
| 4,365,898 | COACH Signature C & Design | 9 for protective covers and cases for cell phones, laptops and portable media players. | July 9, 2013 |  |
| 3,396,554 | AMENDED CC & Design (Signature C) | 3 for fragrances. | March 11, 2008 |  |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 4,365,899 | COACH OP ART & Design | 9 for protective covers and cases for cell phones, laptops and portable media players. | July 9, 2013 |  |
| 4,105,636 | COACH OP ART & Design | 14, 18, 25 for jewelry, watches, wallets, handbags, belts, hats, scarves, shoes, coats, gloves and t-shirts. | February 28, 2012 |  |
| 4,391,741 | COACH LEATHERWARE EST. 1941 & Design | 3 for after-shave, body lotions, fragrances, make-up, perfumes, soaps for personal use. | August 27, 2013 |  |
| 4,296,582 | COACH EST. 1941 NEW YORK & Design | 14,16,18 and 25 for *inter alia* jewelry and watches, handbags, leather credit card cases, purses, shoulder bags, wallets, belts, coats, t-shirts, hats, gloves, shoes, day planners. | February 26, 2013 |  |
| 4,359,191 | COACH EST. 1941 NEW YORK & Design | 9 for protective covers and cases for cell phones, laptops and portable media players. | June 25, 2013 |  |
| 3,251,315 | COACH EST. 1941 & Design | 18, 25 for *inter alia* handbags, small leather goods, jackets, coats and shoes. | June 12, 2007 |  |
| 3,338,048 | COACH & Design | 18 for *inter alia* luggage, backpacks, purses, wallets, and shoulder bags. | November 11, 2007 |  |
| 3,149,330 | C & Lozenge Logo | 14 for watches. | September 26, 2006 |  |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 2,162,303 | COACH & Tag Design | 25 for belts. | June 2, 1998 | |
| 4,334,351 | COACH & Tag Design | 9 for protective covers and cases for cell phones, laptops and portable media players. | May 14, 2013 | |
| 3,685,590 | COACH & Tag Design | 14 for bracelets, earrings, jewelry, necklaces, rings being jewelry, watches. | September 22, 2009 | |
| 2,088,707 | COACH & Tag Design | 18 for *inter alia* briefcases, handbags, satchels, tote bags, duffle bags, cosmetic bags, luggage. | August 19, 1997 | |
| 4,744,715 | COACH NEW YORK & Design | 18 for handbags; purses; tote bags; clutch purses; wristlet bags; shoulder bags; messenger bags; duffle bags; backpacks; briefcases; travel bags; luggage; garment bags for travel; bags for carrying babies' accessories; wallets; billfolds; luggage tags; cosmetic cases sold empty; toiletry cases sold empty; key cases and wallets; business card cases; credit card cases; coin purses; umbrellas; pet collars and leashes; and leather boxes. | May 26, 2015 | |
| 4,744,716 | COACH NEW YORK & Design | 16 for notebooks; address books; daily planners; diaries; paper refills for | May 26, 2015 | |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| | | notebooks, address books, daily planners, diaries, and calendars; paper weights; desk file trays; bookmarks; pencil cases; checkbook covers; money clips; paper shopping bags; boxes of paper or cardboard; paper holders for receipts; and tissue paper. | | |
| 4,744,718 | COACH NEW YORK & Design | 25 for clothing, namely, coats, jackets, overcoats, raincoats, vests, parkas, capes, blouses, shirts, t-shirts, tank tops, tunics, sweaters, sweatshirts, skirts, pants, dresses, scarves, swimwear; belts; gloves; hats; and footwear. | May 26, 2015 |  |
| 4,744,719 | COACH NEW YORK & Design | 3 for fragrances; aftershaves; colognes; leather cleaning and moisturizing preparations; and fabric cleaners. | May 26, 2015 |  |
| 4,744,720 | COACH NEW YORK & Design | 9 for sunglasses; eyeglasses; optical frames; cases for eyeglasses and sunglasses; adapter plugs; cell phone cases; cell phone covers; carrying cases for cell phones; protective covers and cases for tablet computers; and mouse pads. | May 26, 2015 |  |

| Registration No. | Mark | Classes, Goods and Services | Date of Registration | Image |
|---|---|---|---|---|
| 4,744,721 | COACH NEW YORK & Design | 14 for watches; jewelry; and ornamental pins. | May 26, 2015 |  |
| 4,814,094 | COACH NEW YORK & Design | 18 for handbags; purses; tote bags; clutch purses; wristlet bags; shoulder bags; messenger bags; duffle bags; backpacks; briefcases; travel bags; luggage; garment bags for travel; bags for carrying babies' accessories; cosmetic cases sold empty; and toiletry cases sold empty. | September 15, 2015 |  |
| 4,754,870 | COACH NEW YORK | 3, 6 for fragrances; key fobs of common metal; and metal rings and chains for keys. | June 16, 2015 | COACH NEW YORK |

19.    The registration of the Coach Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and on other commercial goods.

20.    The registration of the Coach Trademarks also provides sufficient notice to Defendants of Coach's ownership of and exclusive rights in the Coach Trademarks.

21.    Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Trademarks.  As a result, products bearing the Coach Trademarks are widely recognized as being high quality products and are exclusively associated by consumers, the public, and the trade with Coach.  The Coach Trademarks have therefore acquired strong secondary

6387660

12

COMPLAINT

1 meaning and signal to consumers that Coach is the exclusive source of Coach
2 Products bearing the Coach Trademarks.

3      22.    The Coach Trademarks qualify as famous marks, as that term is used in
4 15 U.S.C. § 1125(c)(1).

5 ***Defendants' Acts of Infringement***

6      23.    The United States Bureau of Customs & Border Protection ("CBP")
7 periodically inspects a fraction of the merchandise imported into the United States.
8 As a result of one such inspection on or about August 24, 2015, CBP discovered that
9 a shipment imported into the United States in the name of South Pacific contained a
10 commercial quantity of handbags bearing spurious marks that were either identical
11 with or substantially indistinguishable from at least one of the Coach Trademarks.

12      24.    On or about November 6, 2015, CBP mailed to Plaintiffs a Notice of
13 Seizure of Infringing Merchandise (No. 2016-2704-000004-01/VJ) ("First Notice of
14 Seizure") naming "South Pacific & China Supply Inc." at "20155 Corrinne LN.
15 Rowland Heights, CA 91748" as the party that imported 800 handbags that bore
16 counterfeit versions of at least one of the Coach Trademarks.  Zhan used South
17 Pacific as the instrumentality through he purchased and imported these counterfeit
18 handbags.  A true and correct copy of the First Notice of Seizure is attached hereto
19 as Exhibit A.

20      25.    The First Notice of Seizure identifies the counterfeited trademark by its
21 CBP recordation number, TMK 04-00378.   This CBP recordation number
22 corresponds to U.S. Trademark Registration No. 2,822,318, also known as the CC &
23 Design (Signature C) Mark.   A true and correct copy of U.S. Trademark
24 Registration No. 2,822,318 is attached hereto as Exhibit B.

25      26.    Coach filed and recorded a copy of the registration certificate of U.S.
26 Trademark Registration No. 2,822,318 with CBP in accordance with Section 526(a)
27 of the Tariff Act, 19 U.S.C. § 1526(a), and Section 42 of the Lanham Act, 15 U.S.C.
28 § 1124.  Once filed with CBP, U.S. Trademark Registration No. 2,822,318 was

recorded by CBP under the Recordation Number TMK 04-00378.   A true and correct copy of the computer printout documenting CBP's recordation of this trademark is attached hereto as Exhibit C.

27.    The First Notice of Seizure identified "Polinn International Trade Limited" in China as the source of the counterfeit handbags.   The counterfeit handbags had been imported into the Port of Long Beach, California.

28.    As part of its investigation into this matter and based on information provided by CBP, Coach has confirmed that the 800 handbags referenced in the First Notice of Seizure are counterfeit, and not genuine articles manufactured by or with the permission of Coach.

29.    Packed inside the same ocean shipping container that held these 800 counterfeit COACH brand handbags were an additional 7,610 handbags that counterfeited at least four U.S.-registered trademarks that belong to entities other than Coach.   CBP also seized these 7,610 counterfeit handbags from Defendants.

30.    On or about September 22, 2015, CBP discovered that another shipment imported into the United States contained a commercial quantity of handbags bearing spurious marks that were counterfeit versions of least one of the Coach Trademarks, *i.e.*, CBP recordation number 04-00378/U.S. Registration No. 2,822,318.

31.    On or about November 25, 2015, CBP mailed to Plaintiffs a second Notice of Seizure of Infringing Merchandise (No. 2016-2704-000004-01/VJ) ("Second Notice of Seizure") naming "South Pacific & China Supply Inc." at "20155 Corrinne LN. Rowland Heights, CA 91748" as the party that imported 600 handbags that bore counterfeit versions of at least one of the Coach Trademarks, *i.e.*, CBP recordation number 04-00378/U.S. Registration No. 2,822,318.   Zhan used South Pacific as the instrumentality through he purchased and imported these counterfeit handbags.   A true and correct copy of the Second Notice of Seizure is attached hereto as Exhibit D.   CBP has confirmed to Coach that the case number

14

1  appearing on the face of the Second Notice of Seizure is in error, and should be No.

2  2016-2704-000108-01 VJ.

3      32.    The Second Notice of Seizure also identified "Polinn International

4  Trade Limited" in China as the source of this second shipment of counterfeit

5  handbags imported by Defendants.   These counterfeit handbags had also been

6  imported into the Port of Long Beach, California.  Defendants' act of purchasing and

7  importing this second shipment of counterfeit COACH brand handbags – from a

8  known source of counterfeits – a full month after the first shipment had been seized

9  by CBP as being counterfeit, demonstrates Defendants' willful and knowing

10  importation of counterfeit COACH brand handbags.

11      33.    As part of its investigation into this matter and based on information

12  provided by CBP, Coach has confirmed that the 600 handbags referenced in the

13  Second Notice of Seizure are counterfeit, and not genuine articles manufactured by

14  or with the permission of Coach.

15      34.    Packed inside the same ocean shipping container that held these 600

16  counterfeit COACH brand handbags were an additional 3,550 handbags that

17  counterfeited at least two U.S.-registered trademarks that belong to entities other

18  than Coach.  CBP also seized these 3,550 counterfeit handbags from Defendants.

19      35.    Polinn International Trade Limited is not an authorized or legitimate

20  source of genuine Coach Products.  Genuine Coach Products are never shipped from

21  China to the U.S. in the same shipment as goods bearing trademarks belonging to

22  other entities.   Defendants must have known that all of the foregoing handbags

23  seized by CBP, both the COACH and the other brands, were counterfeit.

24      36.    Within the past two years, Zhan, using South Pacific as his

25  instrumentality for importing goods, has purchased and imported more than seventy

26  ocean shipping containers filled with goods from China, many of them coming from

27  Polinn International Trade Limited, the very same source as the counterfeit

28  handbags seized by CBP.  Upon information and belief, many of these containers

1  imported by Defendants likely also contained counterfeit handbags infringing the

2  Coach Trademarks.  These counterfeit handbags were not seized by CBP, however,

3  and thus were sold to consumers in the United States.

4     37. Upon information and belief, Defendants arranged for and imported the

5  shipments referenced in the First and Second Notices of Seizure in connection with

6  their coordinated and ongoing efforts to import, sell, offer for sale, and/or distribute

7  counterfeit COACH brand handbags, thereby intentionally and knowingly infringing

8  Plaintiffs' valuable trademarks.

9  ***The Likelihood of Confusion and Injury Caused by the Infringing Defendants'***

10  ***Actions***

11     38. Upon information and belief, Defendants are engaged in and/or

12  otherwise involved in facilitating the ongoing and unrestrained commercial

13  importation of counterfeit COACH brand handbags into the United States.  As a

14  result of Defendants' actions, Coach is losing sales of genuine products, is suffering

15  a loss of the enormous goodwill and value created in the Coach Trademarks, and/or

16  may suffer such loss if Defendants are allowed to continue their illegal activity.

17     39. The counterfeit Coach brand handbags imported by Defendants are not

18  the same as genuine handbags manufactured and sold by Plaintiffs under the Coach

19  Trademarks.  As such, consumers who purchase counterfeit COACH brand

20  handbags are likely to be confused and/or disappointed by obtaining counterfeit

21  handbags when they intended to purchase genuine COACH brand handbags.  In

22  addition, the sale of counterfeit COACH brand handbags is likely to cause confusion

23  among consumers regarding Plaintiffs' sponsorship or approval of the counterfeit

24  handbags.  As a result of Defendants' actions, Plaintiffs are suffering a loss of the

25  enormous goodwill Plaintiffs created in the Coach Products and are losing sales of

26  genuine products.

27

28

40.    Defendants are likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, thereby causing Plaintiffs irreparable harm.

## FIRST CLAIM FOR RELIEF

**(For Infringement of Registered Trademarks in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))**

41.    Plaintiffs specifically reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 40 hereof.

42.    The acts of Defendants alleged herein constitute the use in commerce, without the consent of Plaintiffs, of a reproduction, counterfeit, copy, or colorable imitation of one or more of the Coach Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Plaintiffs' rights in one or more of the Coach Trademarks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

43.    Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

44.    Defendants' acts entitle Plaintiffs to damages for all of Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

45.    Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct.  Plaintiffs have been, and absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

## SECOND CLAIM FOR RELIEF

**(For False Designation of Origin and Trademark and Trade Dress Infringement in Violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))**

46.     Plaintiffs specifically reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 45 hereof.

47.     The acts of Defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). These acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of the counterfeit handbags by Plaintiffs.

48.     Defendants' use of infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

49.     Defendants' acts entitle Plaintiffs to damages for all of Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

50.     Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct.  Plaintiffs have been, and absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

**THIRD CLAIM FOR RELIEF**

**(For Unlawful Importation of Goods Bearing Infringing Marks in Violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124)**

51.     Plaintiffs specifically reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 50 hereof.

52.     Defendants' acts alleged herein constitute the importation of merchandise which bears copies or simulations of at least one of the federally-registered Coach Trademarks in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124.

53.     Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

54.     Defendants' acts entitle Plaintiffs to damages for all of Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

55.     Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct.   Plaintiffs have been, and absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

**FOURTH CLAIM FOR RELIEF**

**(For Unlawful Importation of Goods Bearing Registered United States Trademarks in Violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a))**

56.     Plaintiffs specifically reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 55 hereof.

57.     Defendants' acts alleged herein constitute the importation of merchandise which bears imitations of at least one of the Coach Trademarks,

1  without Plaintiffs' consent, in violation of Section 526(a) of the Tariff Act,
2  19 U.S.C. § 1526(a).

3      58.    Defendants' use of the infringing marks was willful, intentional, and
4  done with the knowledge that the marks are counterfeit marks, as defined in Section
5  34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

6      59.    Defendants' acts entitle Plaintiffs to damages for all of Defendants'
7  profits derived from their past unlawful conduct, trebled, to the full extent provided
8  under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in
9  the alternative to statutory damages under Section 35(c) of the Lanham Act,
10 15 U.S.C. § 1117(c).

11     60.    Plaintiffs have no adequate remedy at law for the foregoing wrongful
12 conduct.   Plaintiffs have been, and absent injunctive relief, will continue to be
13 irreparably harmed by Defendants' actions.

14              **FIFTH CLAIM FOR RELIEF**

15      **(For Violation of the California Unfair Business Practices Act,**

16          **Cal. Bus & Prof. Code § 17200 *et seq*.)**

17     61.    Plaintiffs specifically reallege and incorporate herein by reference each
18 and every allegation contained in Paragraphs 1 through 60 hereof.

19     62.    Defendants' conduct, as alleged above, constitutes unfair competition
20 under Cal. Bus. & Prof. Code § 17200 *et seq*.  These acts of Defendants are likely to
21 cause confusion, or to cause mistake, or to deceive as to the affiliation, connection,
22 or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or
23 approval of the counterfeit handbags by Plaintiffs.

24     63.    Defendants' acts entitle Plaintiffs to general and special damages for all
25 of Defendants' profits derived from their past unlawful conduct to the full extent
26 provided for by Cal. Bus. & Prof. Code § 17200 *et seq*.

27

28

64.    Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct.   Plaintiffs have been, and absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

### SIXTH CLAIM FOR RELIEF

**(For Unfair Competition in Violation of California State Common Law)**

65.    Plaintiffs specifically reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 64 hereof.

66.    Defendants' conduct, as alleged above, constitutes unfair competition under California State common law.  Defendants' acts have resulted in the "passing off" of Defendants' products as those of Plaintiffs, or as somehow related or associated with, or sponsored or endorsed by Plaintiffs.

67.    Defendants' acts entitle Plaintiffs to general and special damages for all of Defendants' profits derived from their past unlawful conduct to the full extent provided for by the common law of the State of California.

68.    Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct.   Plaintiffs have been, and absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

### PRAYER

WHEREFORE, Plaintiffs prays for judgment as follows:

A.    For judgment that:

(i)    Defendants have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;

(ii)    Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(iii)    Defendants have violated Section 42 of the Lanham Act, 15 U.S.C. § 1124;

(iv)    Defendants have violated Section 526 of the Tariff Act, 19 U.S.C. § 1526(a);

1                 (v)     Defendants' violations of Sections 32, 43(a), and 42 of the

2                       Lanham Act and Section 526 of the Tariff Act were

3                       willful, intentional, and done with knowledge that the

4                       infringing marks were counterfeit;

5               (vi)    Defendants have violated the California Unfair Business

6                       Practices Act, Cal. Bus. & Prof. Code § 17200 *et seq*.; and

7              (vii)   Defendants have engaged in unfair competition in

8                       violation of the common law of the State of California.

9       B.     For an injunction restraining and enjoining Defendants and their

10 divisions, subsidiaries, officers, agents, employees, attorneys, and all those persons

11 in active concert or participation with them who receive actual notice of the order by

12 personal service or otherwise, from (i) purchasing, importing, distributing, selling,

13 or offering for sale, counterfeit Coach Products, or assisting, aiding or abetting any

14 other person or entity in doing so; or (ii) using the Coach Trademarks or trademarks

15 confusingly similar therewith, or assisting, aiding or abetting any other person or

16 entity in doing so.

17       C.     For an order requiring Defendants, within thirty (30) days after

18 entry of judgment, to deliver up to counsel for Plaintiffs any and all handbags in

19 their possession, custody, and/or control that infringe the Coach Trademarks.

20       D.     For an order requiring Defendants, within thirty (30) days after

21 entry of judgment, to recall all goods sold or distributed by them that infringe the

22 Coach Trademarks.

23       E.     For an order requiring Defendants, within thirty (30) days after

24 entry of judgment, to deliver up to counsel for Plaintiffs any and all documents in

25 their possession, custody, and/or control that reflect or relate to the purchase,

26 importation, storage, shipping, or sale of handbags that infringe the Coach

27 Trademarks.

28

1           F.     For an order requiring Defendants, within thirty (30) days after

2 entry of judgment, to prepare and deliver to counsel for Plaintiffs a complete list of

3 entities from whom Defendants purchased, and to whom they sold, handbags that

4 infringe the Coach Trademarks.

5           G.    For an order requiring Defendants, within thirty (30) days after

6 entry of judgment, to file with the Court and serve upon counsel for Plaintiffs a

7 written report, under oath, setting forth in detail the manner in which Defendants

8 have complied with paragraphs C through F above.

9           H.    For an order requiring (i) that Defendants account for and pay

10 over to Plaintiffs all of Defendants' profits derived from their unlawful conduct to

11 the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C.

12 § 1117(a); (ii) the trebling of the damages Defendants are required to pay over to

13 Plaintiffs (*i.e.*, Defendants' profits derived from their unlawful conduct), and

14 awarding Plaintiffs their costs, attorneys' fees, and prejudgment interest to the full

15 extent provided for by Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b);

16 (iii) as an alternative to awarding Defendants' profits, trebled, under Sections 35(a)

17 and 35(b), awarding Plaintiffs statutory damages as provided for by Section 35(c) of

18 the Lanham Act, 15 U.S.C. § 1117(c); and (iv) awarding Plaintiffs general, special,

19 and exemplary damages to the full extent provided for by Cal. Bus. & Prof. Code

20 §17200 *et seq.*, Cal. Civ. Code. § 3294(a), and the common law of the State of

21 California.

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

I.    For costs of suit, attorneys' fees, and such other and further relief as the Court shall deem appropriate.

DATED:  July 21, 2016                    **THOMPSON COBURN LLP**


By:    _/s/ Samuel R. Watkins_
       **SAMUEL R. WATKINS**
       Attorneys for Plaintiffs COACH, INC. and
       COACH SERVICES, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Coach, Inc. and Coach Services, Inc. hereby demand trial by jury in this action on any issue triable of right by a jury.

DATED:  July 21, 2016          THOMPSON COBURN LLP


By:     /s/ Samuel R. Watkins
_____
SAMUEL R. WATKINS
Attorneys for Plaintiffs COACH, INC. and
COACH SERVICES, INC.